966 F.2d 207
 59 Fair Empl.Prac.Cas. (BNA) 383,
59 Empl. Prac. Dec. P 41,648
Roy BENNETT and Wanda Cunningham, as representatives for the
estate of Hattie Cunningham, on their own behalf
and on behalf of all those similarly
situated, Plaintiffs-Appellants,
v.
Helen R. JETT,* individually and in her
capacity as Director of the Illinois Department of
Human Rights, Defendant-Appellee.
 No. 89-3162.
 United States Court of Appeals,
Seventh Circuit.
 Argued Oct. 5, 1989.
On Petition for Rehearing with Suggestion
for Rehearing En Banc
Decided July 2, 1992.
 
 Randall D. Schmidt, Gary H. Palm, Jack M. Beermann, Lou Irish, Johnthan K. Baum, Mandel Legal Aid Clinic, Chicago, Ill., for plaintiffs-appellants.
 Jeffrey W. Finke, Asst. Atty. Gen., Frona C. Daska, Chicago, Ill., for Helen R. Jett, individually and in her capacity as Director of the Illinois Department of Human Rights, defendant-appellee.
 Charles C. Jackson, Jeffrey S. Heller, Mark A. Weintraub, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for Illinois State Chamber of Commerce amicus curiae.
 Before CUMMINGS and KANNE, Circuit Judges, and SNEED, Senior Circuit Judge.[1]
 PER CURIAM.
 
 
 1
 Upon consideration of Appellants' Petition for Rehearing with Suggestion for Rehearing En Banc, the opinion at 956 F.2d 138 is hereby vacated. The case is now disposed of as follows:
 
 
 2
 The district court in this case entered summary judgment in favor of defendant on the grounds that the Supreme Court's ruling in Logan v. Zimmerman Brush Co., 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982), could not be applied retroactively to the plaintiffs' claims under Chevron Oil Co. v. Huson, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). This ruling was error, because the rule announced in Logan was applied to the plaintiff in that case. "[W]hen the Court has applied a rule of law to the litigants in one case it must do so with respect to all others not barred by procedural requirements or res judicata." James B. Beam Distilling Co. v. Georgia, --- U.S. ----, 111 S.Ct. 2439, 2448, 115 L.Ed.2d 481 (1991) (Souter, J.). Although Beam is a fragmented opinion without a majority, six justices apparently disapproved of the sort of "selective prospectivity" engaged in by the district court. We emphasize, however, as the plurality noted in Beam, that we do not "speculate about the remedy that may be appropriate in this case." Id. As we noted in an earlier disposition of this case, the district court retains "the responsibility for fashioning a remedy that reflects the plaintiffs' interest in having their claims processed, as well as the Department's interest in avoiding procedures that are unnecessarily burdensome." Bennett v. Tucker, 827 F.2d 63, 73 (7th Cir.1987). For the foregoing reasons, summary judgment in favor of the defendant is reversed, the case is remanded to the district court for proceedings consistent with this opinion, and the petition for rehearing is denied.[2]
 
 
 
 *
 After this litigation was commenced Helen R. Jett replaced Joyce E. Tucker as Director of the Illinois Department of Human Rights
 
 
 [1]
 The Honorable Joseph T. Sneed, Senior Circuit Judge for the United States Court of Appeals for the Ninth Circuit, is sitting by designation
 
 
 [2]
 No member of this Court favored a rehearing en banc